# United States District Court
# Northern District of Indiana

| | |
|---|---|
| GRADY E. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:10-CV-050 JVB |
| v. | ) |
| | ) |
| KENNETH C. FRIES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Grady E. Anderson, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Anderson alleges that while at the Allen County Jail, he slipped and fell in some water around his toilet on August 15, 2009. Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes, and although the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In a similar case, the Tenth Circuit stated:

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases). "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id.* (quotation marks omitted). Therefore, Anderson does not have a federal law claim arising out of the slip and fall.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on April 5, 2010.

    s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division